Filed 2/18/15  P. v. Wilson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRITTNEY MICHELE WILSON,<br><br>    Defendant and Appellant. | G049065<br><br>(Super. Ct. No. 11HF3090)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, John Dorsey Conley, Judge.  Affirmed.

Matthew A. Siroka, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott C. Taylor, and Robin Urbanski Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

Defendant was convicted of possession of oxycodone for sale (Health & Saf. Code, § 11351; count 1), possession of alprazolam for sale (Health & Saf. Code, § 11375, subd. (b)(1); count 2), and possession of heroin (Health & Saf. Code, § 11350, subd. (a)); count 3). The court suspended imposition of sentence in lieu of three years' formal probation with 270 days in county jail. Defendant appeals her convictions on counts 1 and 2.

She contends her due process rights were violated by an answer the court gave to a question from the jury. The jury instruction recited as one element of counts 1 and 2, "The defendant [unlawfully] possessed a controlled substance." (CALCRIM No. 2302.) Defense counsel argued, among other things, that the possession was legal because defendant had acquired the pills through legitimate prescriptions. During its deliberation, the jury sent a question to the court: "Can one obtain controlled substances via an Rx and still be guilty of the charge although the pills were obtained 'legally?'" The court responded, "No matter how he or she came into possession of the drugs, a person can be guilty of possession of . . . drugs for the purpose of sale, if the person's intent is to sell the drugs, not simply to consume them for personal use." Twelve minutes later, the jury returned a guilty verdict. Defendant appears to concede that the court's response is a correct statement of the law. Defendant contends, however, that it was tantamount to removing an element of the crime and undermined defendant's argument to the jury. We affirm.

FACTS

As the underlying facts are not in dispute and not relevant to the issues on appeal, we provide only a brief overview.

In October 2011 the police searched defendant's home pursuant to a search warrant. Defendant was present at the time. In defendant's bedroom the police found a

2

usable amount of heroin in a dresser that also contained defendant's mail. Near defendant's bed, the police found a purse with defendant's wallet and identification. In the purse, were several prescription receipts in defendant's name for oxycodone and alprazolam, $237 in cash, and several empty prescription bottles in her name. They also found a bottle of oxycodone pills in defendant's name. The bottle, which had been filled approximately one month before, had contained 450 pills and only 41 pills remained. A prescription bottle for alprazolam, also filled one month before, had contained 120 pills and only two and one-half remained. Defendant's cell phone contained text messages that appeared to be requests to purchase prescription drugs. The police also discovered a spiral notebook with the addresses of various pharmacies — some as far away as Las Vegas, Nevada — in addition to notations consistent with a pay/owe ledger. The police found numerous empty prescription bottles in defendant's name, in a suitcase in the closet. There was no evidence that any of these prescriptions were obtained illegally. When a detective later spoke to defendant about selling drugs, she replied, "There are bigger fish to fry. I am just a little guppy."

During closing argument, the prosecutor essentially ignored the language in the jury instruction requiring unlawful possession. To the extent the prosecutor commented at all, she stated, It "doesn't matter whether or not she initially had a valid prescription. That is completely irrelevant."

Defendant's argument, however, did highlight the unlawful language in the instruction. Defense counsel stated, "[T]he first element is unlawful possession, okay? That's the law. The government has to prove unlawful possession. [¶] What do we know here? We know that the police found a bunch of the drugs in the possession of the bedroom of the two people. So I don't think possession is the issue, but was it unlawful or not? Okay? [¶] . . . [¶] When the government has the burden of proving unlawful possession of drugs, yet we had five years worth of valid prescriptions, five years worth of prescription pills bottles that look legitimate, five years worth of pill bottles that

3

appear to actually have been prescribed by a doctor and filled by a reputable pharmacy. Did the People prove Ms. Wilson unlawfully possessed those drugs? They did not. It just hasn't been proven."[1] That was the extent of the argument on that issue. Defense counsel went on to argue that the People had not proven that the pills found in defendant's bedroom were what the People claimed they were. Lastly, defense counsel argued there was insufficient evidence of intent to sell.

After the jury's question and the court's response set forth above, defendant moved for a mistrial, which the court denied. Defendant timely appealed from the judgment.

DISCUSSION

"When, as in this case, the jury asks a question about the meaning of an element of the crime, Penal Code section 1138 imposes on the trial court 'a "mandatory" duty to clear up any instructional confusion expressed by the jury.'" (*People v. Huggins* (2006) 38 Cal.4th 175, 261.) A court may determine in its discretion that the instruction is already sufficiently clear and nothing need be added; "But a court must do more than figuratively throw up its hands and tell the jury it cannot help. . . . It should decide as to each jury question whether further explanation is desirable, or whether it should merely reiterate the instructions already given." (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.) We review a claim of error in responding to a jury question for abuse of discretion. (*People v. Hodges* (2013) 213 Cal.App.4th 531, 539.)

---

[1] Defendant's boyfriend was a codefendant in the case.

4

Defendant does not dispute that the court's response to the jury was a correct statement of the law. Count 1 alleged a violation of Health and Safety Code section 11351, which states, "Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale" one of various controlled substances "shall be punished by imprisonment pursuant to subdivision (h) of Section 1170 of the Penal Code for two, three, or four years." Count 2 alleged a violation of Health and Safety Code section 11375, subdivision (b)(1), which states, "Every person who possesses for sale, or who sells, any substance specified in subdivision (c) shall be punished by imprisonment in the county jail for a period of not more than one year or state prison." Neither of these statutes require the People to prove that the drugs were acquired illegally.

Nonetheless, defendant argues, "When an instructional error precludes the accused from presenting the most viable defense that she has, the error is 'ordinarily reversible, since there is no way of evaluating whether or not [the error] affected the judgment." She goes on, "Here, the judge's instruction effectively removed the question of 'unlawful possession' from the jury's consideration, and thus both reduced the prosecution's burden of proof and undermined the defense." The problem is, defendant's argument that she acquired the drugs legally was not a viable defense. And the prosecution did not actually have the burden of proving otherwise.

Defendant also argues that the term "unlawful" "was in the charging document and the instructions given to the jury. The court was not at liberty to unilaterally remove it during deliberations. This effectively amended the information which both violated the separation of powers doctrine and violated appellant's right to due process since the case had been defended on the one theory that the court's instruction removed."

We reject defendant's contention that the court's response was tantamount to amending the accusatory pleading. While the information did allege defendant "unlawfully possess[ed] for sale" a controlled substance, the court's response to the jury did not contradict that. It *is* unlawful to possess a controlled substance with the intent to sell it. That is all the information was alleging. The court's comments did not affect that allegation.

With respect to defendant's point that the court's response undermined her counsel's argument to the jury, our response is that an attorney who attempts to exploit a court's instructional error does so at his or her own peril. Indeed, counsel admitted that, at the outset of trial, he had no intention of making the argument about acquiring the prescriptions legally, but simply capitalized on the opportunity when he saw it. Additionally, there is no indication that counsel refrained from asserting other defenses as a result of exploiting the instructional error.

It takes but a moment's reflection to recognize the absurdity of a rule that would immunize the sale, or in this case intended sale, of controlled substances just because the defendant happened to acquire the controlled substances through legal means. Counsel should have known this was not the law. The court did not abuse its discretion by responding to the jury with a correct statement of the law.

DISPOSITION


The judgment is affirmed.



IKOLA, J.

WE CONCUR:


MOORE, ACTING P. J.


FYBEL, J.